IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Zinganything, LLC**, | ) |
| 1760 Wadsworth Road | )   Case No. |
| Akron, Ohio 44320, | ) |
| | )   Judge |
| and, | ) |
| | ) |
| **Brighteye Innovations, LLC**, | ) |
| 1760 Wadsworth Road | ) |
| Akron, Ohio 44320, | ) |
| | ) |
|            Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   ***COMPLAINT*** |
| | )   *(Jury Demand Endorsed Hereon)* |
| **Jaystub_shop**, | ) |
| dba yeswecanover, | ) |
| 3 Chestnut St., # 3 | ) |
| Suffern, New York 10901, | ) |
| | ) |
| and, | ) |
| | ) |
| **Hot Energy**, | ) |
| Kent Lai, | ) |
| 4418 Ellis Lane | ) |
| El Monte, California 91731, | ) |
| | ) |
| and, | ) |
| | ) |
| **Rss_distributing2014**, | ) |
| Anthony Ruble, | ) |
| 14614 Flint Creek Xing | ) |
| Leo, IN 46765, | ) |
| | ) |
| and, | ) |
| | ) |
| **Discountfrenzy.com**, | ) |
| Dba usa_accessories2013, | ) |
| PO Box 613 | ) |
| New Haven, IN 46774, | ) |

1

and,                                             )
                                                 )
2                                                )
**Crockett Expedition**,                         )
3    2211 Fisher Ave.                            )
     Speedway, IN 46224,                         )
4                                                )
                                                 )
5    and,                                        )
                                                 )
6    **Flyt Ecommerce Service**,                 )
     Roy Jian, Yue Zou,                          )
7    dba newlaunch,                              )
     11671 Dayton Drive                          )
8    Rancho Cucamonga, CA 91730,                 )
                                                 )
9                                                )
     and,                                        )
10                                               )
     **Judek**,                                  )
11   3837 Bay Lake Trail, Ste. 115               )
     North Las Vegas, NV 89060,                  )
12                                               )
                                                 )
13   and,                                        )
                                                 )
14                                               )
     **Printerandpartswarehouse**,               )
15   dba Bliss Hammocks,                         )
     dba Maha Fitness Products,                  )
16   901 Motor Parkway                           )
     Hauppauge, NY 11788,                        )
17                                               )
                                                 )
18   and,                                        )
                                                 )
19   **Unbeatable Sales**,                       )
     195 Lethigh Avenue                          )
20   Lakewood, New Jersey 08701,                 )
                                                 )
21   and,                                        )
                                                 )
22                                               )
     **Brilliant Promos**,                       )
23   dba brilliantpromos.com,                    )
     21045 N 9th Place #203                      )
24   Phoenix, AZ 85024,                          )
                                                 )
25   and,                                        )
                                                 )
26

Plaintiffs' Complaint - 2

1  | **Buvtz**,                                          )
2  | 1538 10th St., Apt. # 6                  )
   | Santa Monica, CA 90401,                             )
   |                                                     )

**Buvtz**,
1538 10th St., Apt. # 6
Santa Monica, CA 90401,                     )

and,                                        )
                                            )
**Patti Bezzati**,                          )
3270 Summit Ridge Pkwy., Ste. 100           )
Duluth, GA 30096,                           )
                                            )
and,                                        )
                                            )
**ScentSevent**,                            )
300 Sage Rd., Apt. 1317                     )
Houston, Texas 77056,                       )
                                            )
and,                                        )
                                            )
**RealRecreationUSA**,                      )
2000 Town Center, Ste. 1900                 )
Southfield, Michigan 48075,                 )
                                            )
and,                                        )
                                            )
**Homeclick**,                              )
777 New Durham Rd., Ste. D                  )
Edison, NJ 08817,                           )
                                            )
and,                                        )
                                            )
**Thewaterbottlestore.com**,                )
3429 Flamingo Avenue                        )
Charlotte, NC 28205,                        )
                                            )
and,                                        )
                                            )
**High Forest**,                            )
dba highforest1388,                         )
861 N. Spring St., Ste. 137                 )
Los Angeles, CA 90012,                      )
                                            )
and,                                        )
                                            )
                                            )

**Jaffajewelries**,                                    )
dba Long Run Technologies,                             )
dba Arikando10,                                        )
172 Trade St.                                          )
Lexington, Kentucky 40511,                             )
                                                       )
and,                                                   )
                                                       )
**Kaihan Irani**,                                      )
8864 Cedar Spur Drive                                  )
Houston, Texas 77057,                                  )
                                                       )
and,                                                   )
                                                       )
**Crimson Violet**,                                    )
dba crimsonviolet.com,                                 )
22 Park Ave.                                           )
NY, NY 10023,                                          )
                                                       )
and,                                                   )
                                                       )
**The Pampered Life**,                                 )
524 3rd St. South # 123                                )
Nampa, ID 83651,                                       )
                                                       )
and,                                                   )
                                                       )
**Idea Stage Promotions**,                             )
21045 N. 9th Place, # 203                              )
Phoenix, AZ 85024,                                     )
                                                       )
and,                                                   )
                                                       )
**Opentip.com**,                                       )
337 Reservoir St., Floor 3                             )
Needham Heights, MA 02494,                             )
                                                       )
and,                                                   )
                                                       )
**Edward Krishtul**,                                   )
dba bagnelli14,                                        )
1758 E. 12th St.                                       )
Brooklyn, NY 1227,                                     )

| | |
|---|---|
| and, | ) |
| | ) |
| **Ion Alkaline Water**, | ) |
| 3845 Highway 22, Ste. 2 | ) |
| Mandeville, LA 70471, | ) |
| | ) |
| and, | ) |
| | ) |
| **Charish McCarty**, | ) |
| 385 Highway W. | ) |
| Poplar Bluff, MO 63901, | ) |
| | ) |
| and, | ) |
| | ) |
| **718 Closeouts**, | ) |
| 1295 Broadway Store #1 | ) |
| Brooklyn, NY 11221, | ) |
| | ) |
| and, | ) |
| | ) |
| **YamiBuy**, | ) |
| 280 Machlin Court | ) |
| Walnut, CA 91782, | ) |
| | ) |
| and, | ) |
| | ) |
| **New Dream International**, | ) |
| 17008 Evergreen Pl., Ste. D | ) |
| City of Industry, CA 91745, | ) |
| | ) |
| Defendants. | ) |

NOW COME the Plaintiffs, *Zinganything, LLC, and Brighteye Innovations, LLC*, and for their Complaint against the Defendants hereby alleges as follows:

**THE PARTIES**

1. The Plaintiffs, Zinganything, LLC, and Brighteye Innovations, LLC, are limited liability companies organized under the laws of Ohio, and have their principal place of business in Akron, Ohio, County of Summit.

2. Claim 1 Defendants – all "Claim 1 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:



    i. The Defendant, jaystub_shop, is a seller on ebay.com, which ships product under the "yeswecanover" name, and upon information and belief, is a New York business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

    ii. The Defendant, Hot Energy, Kent Lai, is a seller on ebay.com, and upon information and belief, is a California business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

    iii. The Defendant, Rss_distributing2014, Anthony Ruble, is a seller on ebay.com, and upon information and belief, is a Indiana business entity (appears to be an unincorporated entity acting as an online seller), which

makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

iv. The Defendant, discountfrenzy.com, dba usa_accessories2013, is a seller on ebay.com, and upon information and belief, is a Indiana business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

v. The Defendant, Crockett Expedition, is a seller on ebay.com, and upon information and belief, is a Indiana business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

vi. The Defendant, Flyt Ecommerce Service, Roy Jian, Yue Zou, dba newlaunch, is a seller on ebay.com, and upon information and belief, is a California business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

vii. The Defendant, Judek, is a seller on amazon.com, and upon information and belief, is a Nevada business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3. Claim 2 Defendants - all "Claim 2 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:



  i. The Defendant, Printerandpartswarehouse, dba Bliss Hammocks, dba Maha Fitness Products, is a seller on ebay.com, and upon information and belief, is a New York business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

  ii. The Defendant, Unbeatable Sales, upon information and belief, is a New Jersey business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

  iii. The Defendant, Brilliant Promos, dba brilliantpromos.com, upon information and belief, is a Arizona business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

4. Claim 3 Defendants – all "Claim 3 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:



i.  The Defendant, Buvtz, is a seller on ebay.com, and upon information and belief, is a California business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

ii.  The Defendant, Patti Bezzati, is a seller on ebay.com, and upon information and belief, is a person from Georgia, which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

iii.  The Defendant, ScentSevent, is a seller on ebay.com, and upon information and belief, is a Texas business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

5.  Claim 4 Defendants – all "Claim 4 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:

  

i.  The Defendant, RealRecreationUSA, is a seller online, and upon information and belief, is a Michigan business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

ii.  The Defendant, Homeclick, is a seller online, and upon information and belief, is a New Jersey business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

iii.  The Defendant, thewaterbottlestore.com, is a seller on ebay.com, and upon information and belief, is a North Carolina business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

iv.  The Defendant, High Forest dba highforest1388, is a seller on ebay.com, and upon information and belief, is a California business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

v.  The Defendant, Jaffajewelries dba Long Run Technologies, dba Arikando10, is a seller on ebay.com, and upon information and belief, is a Kentucky

business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

vi. The Defendant, Kaihan Irani, is a seller online, and upon information and belief, is a Texas business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

vii. The Defendant, Crimson Violet, dba crimsonviolet.com, is a seller online, and upon information and belief, is a New York business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

6. Claim 5 Defendants – all "Claim 5 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:

 

i. The Defendant, The Pampered Life, is a seller online, and upon information and belief, is a Idaho business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or

imports infringing products in the United States in this judicial district and elsewhere.

ii. The Defendant, Idea Stage Promotions, is a seller online, and upon information and belief, is a Arizona business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

iii. The Defendant, Opentip.com, is a seller online, and upon information and belief, is a Massachusetts business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

7. Claim 6 Defendants – all "Claim 6 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:



i. The Defendant, Edward Krishtul, dba bagnelli14, is a seller online, and upon information and belief, is a New York business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells,

offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

8.  Claim 7 Defendants – all "Claim 7 Defendants" have been selling a bottle, with different colors and logos, but it is the same bottle as the following:



    i.  The Defendant, Ion Alkaline Water, is a seller online, and upon information and belief, is a Louisiana business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

    ii.  The Defendant, Charish McCarty, is a seller online, and upon information and belief, is a Missouri business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

    iii.  The Defendant, 718 Closeouts, is a seller online, and upon information and belief, is a New York business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

iv.  The Defendant, YamiBuy, is a seller online, and upon information and belief, is a California business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

v.  The Defendant, New Dream International, is a seller online, and upon information and belief, is a California business entity (appears to be an unincorporated entity acting as an online seller), which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

## JURISDICTION AND VENUE

9.  This is an action for patent infringement.  The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281 *et al*.

10.  This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 *et al.* because this action arises under federal law of the United States.

11.  In addition or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

12.  This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.  Plaintiffs purchased product from the Defendants and it was shipped to Ohio.

13. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state."  In this case, the Defendants transact business in this state.  The Defendants sells infringing product in this district and elsewhere.

14. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state."  In this case, the Defendants contracts to supply goods in this state.  The Defendants sell infringing product in this district and elsewhere.

15. Upon information and belief, the Defendants sold product over online platforms and their own websites, many of which are websites that are active rather than passive websites, meaning, they permit Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio.  Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process.  *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

16. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) *et al.* because a substantial part of the events giving rise to the claims

occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and infringement occurred within this judicial district. Further, the Plaintiffs, and its witnesses and evidence, are located in this district. Although venue could lie in many different potential forums, venue is proper here.

17. Notably, all of the party-Defendants named herein appear to be unincorporated business entities that act as sellers of products online (over ebay.com, amazon.com, etc.). Indeed, the Supreme Court of the United States recently limited patent venue in *TC Heartland LLC v. Kraft Foods Group Brands LLC* (March 27, 2017), 581 U.S. _____. That limitation, however, dealt with domestic corporations only. Footnotes 1 and 2 in *TC Heartland* make clear that the decision applies only to domestic corporations, not to foreign companies or other types of domestic entities. In this case, all party-defendants are believed to be unincorporated domestic entities. They are sellers on ebay.com and amazon.com. Therefore, Plaintiffs have joined all of the party-defendants herein rather than suing each of them separately in different district courts across the country in piecemeal, duplicative litigation. Plaintiffs believe this to be consistent with both *TC Heartland* and *Fourco Glass Co. v. Transmirra Products Co.*, 353 U.S. 222 (1957).

## **JOINDER**

18. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, the Plaintiffs hereby join the Defendants together in this case because Plaintiffs claim a right to relief against the Defendants severally with respect to or arising out of the same series of transactions or occurrences, namely, their sales of infringing bottles.

19. Furthermore, there are questions of law and fact common to all defendants in this action. This being a patent case on the '116 utility patent, claim construction on the patent should occur once rather than multiple times in separate lawsuits.  This favors uniformity in claim construction, and also favors conserving judicial resources.

20. Most of the Defendants appear to be small, online sellers of infringing product, whom maintaining a separate federal lawsuit against each seller would be impractical and unnecessarily duplicative.  Joinder in this case also complies with 35 USC § 299.  The Defendant infringers have been joined in this one action.  Each group of Defendants, per claim, for patent infringement, have infringed the '116 patent with the same bottle as depicted in the paragraphs above.  Each claim for patent infringement corresponds with a group of infringers selling one bottle type.  Each bottle type amongst the groups are nearly identical.

**FACTUAL ALLEGATIONS**

21. Since its founding, the Plaintiffs have introduced a revolutionary product line and technology designed with the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice.

22. The Plaintiffs' products include the Citrus Zinger®, Aqua Zinger®, Salad Zinger®, Vodka Zinger®, and Kid Zinger®, among others.

23. The Citrus Zinger® was the Plaintiffs' first product and is it's most successful.  The Plaintiffs' products are sold worldwide via its website, through distributors, at various retailers, and through large retailers.

24. The Citrus Zinger® naturally infuses the flavor, aroma, hue, plus the added vitamin, minerals, and nutrients, naturally when using fresh ingredients like fruits/vegetables in the Citrus Zinger®.

25. The Citrus Zinger® was developed to make a positive contribution toward improving daily diets – both in the food we eat and the beverages we drink. The Plaintiffs strongly believe in the infusion of farm fresh ingredients and strives to create innovative tools to harness this power. The Plaintiffs hope its products can become a driving force in helping the average consumer divert from unhealthy beverage choices.

26. With the Citrus Zinger®, users can avoid refined sugars, artificial flavorings, preservatives, and colorings while opting for nutritional hydration utilizing all-natural ingredients.

27. The Citrus Zinger® is safe, durable, and eco-friendly, made from Eastman Tritan BPA/EA-free plastics and food-grade safe materials.

28. The Plaintiffs' Citrus Zinger® has enjoyed considerable success and has been featured on television talk shows, countless industry tradeshows, and various other media outlets.

29. Mr. Joshua A. Lefkovitz is the founder and CEO of the Plaintiff corporations, both Zinganything and Brighteye.

30. On June 3, 2014, United States Utility Patent No. 8,740,116, entitled "Essence Extracting Drinking Vessel" (hereinafter referred to as the '116 patent) duly and legally issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention.  (A true and accurate copy of the '116 patent as issued is attached hereto as "Exhibit 1.")

31. All rights to the '116 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, Brighteye Innovations, LLC.

32. The Plaintiffs' product line, including the Citrus Zinger®, reads on the '116 patent.

33. The aforementioned activities of the Defendants have also injured and threaten future and immediate injury to the Plaintiffs.   More specifically, the Defendants' activities have diminished the Plaintiff's goodwill and caused the Plaintiffs to lose sales that it otherwise would have made but for the sales of the Defendants.

34. The Defendants are not authorized in any way to sell their infringing products or to use the patents owned by the Plaintiffs.

35. The Plaintiffs are entitled to an award of damages against Defendant, and are entitled to injunctive relief.

<u>**CLAIM NO. 1**</u>
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

36. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

37. This Claim is alleged versus the following Defendants only:

    i.   The Defendant, jaystub_shop, a seller on ebay.com, which ships product under the "yeswecanover" name;

    ii.   The Defendant, Hot Energy, Kent Lai, is a seller on ebay.com;

    iii.   The Defendant, Rss_distributing2014, Anthony Ruble, is a seller on ebay.com;

    iv.   The Defendant, discountfrenzy.com, dba usa_accessories2013, is a seller on ebay.com;

    v.   The Defendant, Crockett Expedition, is a seller on ebay.com;

vi.   The Defendant, Flyt Ecommerce Service, Roy Jian, Yue Zou, dba newlaunch, is a seller on ebay.com; and,

vii.   The Defendant, Judek, is a seller on amazon.com.

38. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  (See Ex. 1.)

39. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

40. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

41. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

42. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

43. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

**CLAIM NO. 2**
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

44. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

45. This Claim is alleged versus the following Defendants only:

i.   The Defendant, Printerandpartswarehouse, dba Bliss Hammocks, dba Maha Fitness Products, is a seller on ebay.com;

ii.  The Defendant, Unbeatable Sales; and,

iii. The Defendant, Brilliant Promos, dba brilliantpromos.com.

46. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  (See Ex. 1.)

47. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

48. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

49. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

50. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

51. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

## CLAIM NO. 3
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

52. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

53. This Claim is alleged versus the following Defendants only:

      i.   The Defendant, Buvtz;

      ii.  The Defendant, Patti Bezzati; and,

      iii.  The Defendant, ScentSevent.

54. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  (See Ex. 1.)

55. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

56. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

57. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

58. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

59. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

## CLAIM NO. 4
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

60. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

61. This Claim is alleged versus the following Defendants only:

      i.   The Defendant, RealRecreationUSA;

      ii.  The Defendant, Homeclick;

      iii.  The Defendant, thewaterbottlestore.com;

      iv.  The Defendant, High Forest dba highforest1388;

      v.  The Defendant, Jaffajewelries dba Long Run Technologies, dba Arikando10;

      vi.  The Defendant, Kaihan Irani; and,

      vii.  The Defendant, Crimson Violet, dba crimsonviolet.com.

62. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  (See Ex. 1.)

63. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

64. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

65. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

66. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

67. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

## CLAIM NO. 5
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

68. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

69. This Claim is alleged versus the following Defendants only:

    i.   The Defendant, The Pampered Life;

    ii.   The Defendant, Idea Stage Promotions; and,

    iii.   The Defendant, Opentip.com.

70. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  (See Ex. 1.)

71. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

72. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

73. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

74. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

75. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### CLAIM NO. 6
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

76. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

77. This Claim is alleged versus the following Defendants only:

      i.  The Defendant, Edward Krishtul, dba bagnelli14.

78. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent. (See Ex. 1.)

79. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

80. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

81. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

82. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

83. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

**CLAIM NO. 7**

*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

84. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

85. This Claim is alleged versus the following Defendants only:

> i.   The Defendant, Ion Alkaline Water;
>
> ii.  The Defendant, Charish McCarty;
>
> iii. The Defendant, 718 Closeouts;
>
> iv.  The Defendant, YamiBuy; and,
>
> v.   The Defendant, New Dream International.

86. The Defendants have been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent.  (See Ex. 1.)

87. The Defendants' conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

88. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

89. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

90. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

91. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

**PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiffs pray that this Court enter an Order against the Defendants, jointly and severally, as follows:

A) A preliminary injunction and permanent injunction enjoining the Defendants from making, using, offering for sale, selling, and/or importing any product that infringes upon the '116 patent;

B) An award of damages adequate to compensate for the patent infringement including lost profits but in no event less than a reasonable royalty, together with interest and costs pursuant to 35 U.S.C. § 284 *et al.*;

C) A trebling of patent infringement damages pursuant to 35 U.S.C. § 284 *et al.*;

D) Attorney's fees in a patent case pursuant to 35 U.S.C. § 285 *et al.*;

E) An accounting for damages resulting from Defendants' intellectual property infringement;

F) An assessment of interest on the damages so computed;

G) Judgment against Defendants indemnifying the Plaintiffs from any claims brought against the Plaintiffs for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendants to any person who was confused as to some association between the Plaintiffs and Defendants as alleged in this Complaint;

H) Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial;

I) Requiring Defendants to account to the Plaintiffs for all sales and purchases that have occurred to date, and requiring the Defendants to disgorge any and all profits derived by Defendants for selling infringing product;

J) Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

K) Requiring Defendants to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

L) Requiring Defendants to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

M) Ordering a product recall of infringing product for destruction;

N) Requiring Defendants to file with this Court and serve on the Plaintiffs within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

O) Requiring Defendants to provide to Plaintiffs all sales records, including but not limited to, email, mail, and advertising lists;

P) Damages according to each cause of action herein;

Q) Prejudgment interest; and,

R) Any such other relief in law or equity that this honorable Court deems just.

## **JURY DEMAND**

WHEREFORE, the Plaintiffs requests a trial by jury by the maximum number of jurors permitted at law on all issues so triable

Plaintiffs' Complaint - 28

- 28 -

1

2

Most Respectfully Submitted,

3
      /s/ David A. Welling
**DAVID A. WELLING (0075934) (lead counsel)**
4
**C. VINCENT CHOKEN (0070530)**
CHOKEN WELLING LLP
5
55 S. Miller Rd., Ste. 203
Akron, Ohio 44333
6
Tel.    (330) 865 – 4949
7
Fax     (330) 865 – 3777
davidw@choken-welling.com
8
vincec@choken-welling.com

9
**JOHN D. GUGLIOTTA (0062809)**
PATENT + COPYRIGHT + TRADEMARK LAW GROUP
10
3020 W. Market St., Ste. C
Akron, Ohio 44333
11
Tel.    (330) 253 – 2225
12
Fax     (330) 253 – 6658
johng@inventorshelp.com

13

14
*Counsel for the Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26